U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2011 NOV 10 P 4:19

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | 1:11-CR-154-01-SM |
| ) | |
| **LOTHAR HOESS** ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America by its attorney, John P. Kacavas, the United States Attorney for the District of New Hampshire, and the defendant, Lothar Hoess, and the defendant's attorney, Peter Anderson, Esq., enter into the following Plea Agreement:

1. **The Plea and The Offense**.

The defendant agrees to waive his right to have this matter presented to a grand jury and plead guilty to an information charging him with willful failure to file a Report of Foreign Bank Account and Financial Accounts ("FBAR") (Form TD F 90-22.1) with the Department of the Treasury, in violation of Title 31, United States Code, Sections 5314 and 5322(a) and Title 31, Code of Federal Regulations, Section 103.24.

In exchange for the defendant's guilty plea, the United States agrees to the sentencing stipulations identified in paragraph 6 of this agreement.

2. **The Statute and Elements of the Offense**.

Title 31, United States Code, Section 5314 states as follows:

(a) Considering the need to avoid impeding or controlling the export or import of monetary instruments and the need to avoid burdening unreasonably a person making a transaction with a foreign financial agency, the Secretary of the Treasury shall require a resident or citizen of the United States or a person in, and doing business in, the United States, to keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for

any person with a foreign financial agency. The records and reports shall contain the following information in the way and to the extent the Secretary prescribes:
    (1) the identity and address of participants in a transaction or relationship.
    (2) the legal capacity in which a participant is acting.
    (3) the identity of real parties in interest. (4) a description of the transaction.

(b) The Secretary may prescribe —
    (1) a reasonable classification of persons subject to or exempt from a requirement under this section or a regulation under this section;
    (2) a foreign country to which a requirement or a regulation under this section applies if the Secretary decides applying the requirement or regulation to all foreign countries is unnecessary or undesirable;
    (3) the magnitude of transactions subject to a requirement or a regulation under this section;
    (4) the kind of transaction subject to or exempt from a requirement or a regulation under this section; and
    (5) other matters the Secretary considers necessary to carry out this section or a regulation under this section.

Title 31, United States Code, Section 5322(a) states as follows:

> A person willfully violating this subchapter or a regulation prescribed or order issued under this subchapter (except section 5315 or 5324 of this title or a regulation prescribed under section 5315 or 5324), or willfully violating a regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91–508, shall be fined not more than $250,000, or imprisoned for not more than five years, or both.

> Title 31, Code of Federal Regulations, Section 103.24 states as follows:

> Each person subject to the jurisdiction of the United States (except a foreign subsidiary of a U.S. person) having a financial interest in, or signature or other authority over, a bank, securities or other financial account in a foreign country shall report such relationship to the Commissioner of the Internal Revenue for each year in which such relationship exists, and shall provide such information as shall be specified in a reporting form prescribed by the Secretary to be filed by such persons. Persons having a financial interest in 25 or more foreign financial accounts need only note that fact on the form. Such persons will be required to provide detailed information

> concerning each account when so requested by the Secretary or his delegate.

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, the defendant was a United States person;

Second, the defendant had a financial interest in or signature or other authority over any foreign financial accounts, including bank, securities, or other types of financial accounts, in a foreign country;

Third, the aggregate value of these financial accounts exceeded $10,000 at any time during the calendar year; and

Fourth, the defendant willfully failed to file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR").

### 3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would prove the following facts beyond a reasonable doubt:

> Lothar Hoess, a legal permanent resident of the United States, is the owner of IOSE Limited ("IOSE"), a corporation organized under the laws of the Republic of Ireland, and Terry Property, a nominee entity formed in Belize. From 2005 through 2008, Hoess was the beneficial owner of accounts held in the names of IOSE and Terry Property at UBS AG in Switzerland. In each year, those accounts held over $10,000. Hoess deposited IOSE's business receipts into the account at UBS. He periodically transferred a portion of the profit made by IOSE into the Terry Property account. Some of the funds in the Terry Property account were used to pay Hoess's personal expenses.
>
> From 2005 through 2008, Hoess willfully failed to file FBARs with the Treasury reporting his beneficial ownership of the IOSE and Terry Property accounts.

4. **Penalties, Special Assessment and Restitution**.

The defendant understands that the penalties for the offense are:

A. A maximum prison term of 5 years;

B. A maximum fine of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. (18 U.S.C. § 3571); and

C. A term of supervised release of not more than 3 years. The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release (18 U.S.C. §3583).

In addition to the other penalties provided by law, the defendant agrees to resolve his civil income tax liability, including penalties and interest, to the United States with a payment in the amount of $2,033,209 to the IRS.

Further, defendant agrees that in order to completely resolve his civil liability for violating foreign bank account reporting requirements for years 2005 through 2008, he will pay the Internal Revenue Service, within 30 days of his signing this agreement, a civil money penalty of $1,372,774 pursuant to Title 31, U.S.C., § 5321(a)(5)(A), which represents 50 percent of the highest year-end balance in the undisclosed accounts for calendar years 2005 through 2008.

5. **Sentencing and Application of the Sentencing Guidelines**.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or

his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

- A. Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;
- B. Respond to questions from the Court;
- C. Correct any inaccuracies in the pre-sentence report;
- D. Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that he may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. **Sentencing Stipulations and Agreements**.

Pursuant to Fed. R. Crim. 11(c)(1)(**C**), the parties agree to the following specific offense characteristics under the advisory Sentencing Guidelines:

- A. Pursuant to U.S.S.G. §2S1.3(c) cross reference and §§ 2T1.1(a)(1) and 2T4.1(H), the base offense level for the willful failure to file an FBAR is 20, which is based on improper tax filings to which the defendant does not plead guilty; and
- B. The sophisticated means enhancement is applicable in this case and the defendant's base offense level is increased by 2 levels.  U.S.S.G.

§2T1.1(b)(2).

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw his guilty plea.

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

The parties agree to jointly recommend to the Court that the defendant be permitted to travel internationally and throughout the United States for business purposes without the prior written permission of the Court during the period of any probation or supervised release provided that he submit a written travel itinerary to his probation officer prior to his departure.

7. **Acceptance of Responsibility**.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

    A.    Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

B. Challenges the United States' offer of proof at any time after the plea is entered;

C. Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about his financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any of the reasons listed above, the United States does not recommend that he receive a reduction in his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States in the investigation or prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before

sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

### 8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him. The defendant also understands that he has the right:

- A. To plead not guilty or to maintain that plea if it has already been made;
- B. To be tried by a jury and, at that trial, to the assistance of counsel;
- C. To confront and cross-examine witnesses;
- D. Not to be compelled to provide testimony that may incriminate him; and
- E. To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

### 9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

- A. Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

- B. Is entering into this Plea Agreement without reliance upon any promise of benefit of any kind except as set forth in this Plea Agreement;
- C. Is entering into this Plea Agreement without threats, force, intimidation, or coercion;
- D. Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and
- E. Is completely satisfied with the representation and advice received from his undersigned attorney.

10. **Scope of Agreement**.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority.

11. **Collateral Consequences**.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant also understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, possibly including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defense counsel or the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant

nevertheless affirms his decision to plead guilty regardless of any collateral consequences that this plea may entail.

**12.  Satisfaction of Federal Criminal Liability; Breach.**

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the information in this case. The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

**13.  Waivers.**

A.  Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

1. His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2. The sentence imposed by the Court if within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel in the negotiation of this Plea Agreement or at the

sentencing hearing.

### B. Collateral Review

The defendants understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255. By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1. His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues; and

2. The sentence imposed by the Court if it falls within, or lower than, the guideline range as determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel in the negotiation of the Plea, Plea Agreement or the sentencing hearing. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

### C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s)

underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D.   Appeal by the Government

Noting in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant to pursue an appeal s authorized by law.

**14.   No Other Promises.**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

**15.   Final Binding Agreement.**

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

**16.   Agreement Provisions Not Severable.**

The United States and the defendant understand and agree that if any provision

of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JOHN P. KACAVAS
United States Attorney

Date: 11-9-11        By: _____
Arnold Huftalen
Assistant U.S. Attorney
Bar No. 1215
53 Pleasant St., 4th Floor
Concord, NH 03301
(603) 225-1552
Arnold.Huftalen@usdoj.gov


JOHN A. DICICCO
Principal Deputy Assistant Attorney General
Tax Division

Date:                By: _____ ARNOLD H. HUFTALEN
For Mark F. Daly
Trial Attorney
Tax Division
Ma. Bar No. 640581
P.O. Box 972
Washington, DC 20044
(202) 514-5150
Mark.F.Daly@usdoj.gov

The defendant, Lothar Hoess, certifies that he has read this 14-page Plea Agreement and that he fully understands and accepts its terms.

Date: 9/1/11

_____
Lothar Hoess, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: 9/1/11

_____
Peter Anderson, Esq.
Attorney for Lothar Hoess